## JESS HAYES v. STATE.

No. A-1811.  Opinion Filed September 13, 1913.

Appeal from County Court, Johnston County;
Nick Wolf, Judge.

Jess Hayes was convicted of selling intoxicating liquor, and appeals.  Reversed.

Cornelius Hardy and Ratliff & Fenwich, for plaintiff in error.

Smith C. Matson, Asst. Atty. Gen., for the State.

ARMSTRONG, P. J.  The plaintiff in error, Jess Hayes, was convicted at the April, 1912, term of the county court of Johnston county on the charge of selling intoxicating liquor and punishment was fixed at imprisonment in the county jail for six months and a fine of $500.  If this plaintiff in error had had a fair and impartial trial in this case the judgment would not be reversed on the ground that it is contrary to the evidence, because there is testimony in the record tending to establish the charge, but the trial appears to have been conducted without due regard to the rights of the accused.  Incompetent and prejudicial testimony was permitted to go to the jury and many repeated prejudicial errors committed throughout the trial.  There was proof that plaintiff in error had been arrested on other charges; the prosecuting witness filing numerous complaints charging crimes and misdemeanors against plaintiff in error.  Many other irregularities appear from the record.  The county attorney, in his argument to the jury, was guilty of gross misconduct and court repeatedly committed re-

versible error in permitting such arguments to be made. Among other things the county attorney argued that the accused should be convicted on account of the cost to the taxpayers of the county; that he should be convicted because he was guilty of bootlegging, gambling, running a whore house, assault to kill and every crime on the calendar. Objection to these remarks was sustained by the court, but their prejudicial character could not be removed. Again, the county attorney argued that the defendant was guilty of all these different crimes because the prosecuting witness testified that he had made such complaints before the justice of the peace. Objection was made and overruled by the court, and again the county attorney argued that the accused should be convicted because he didn't go on the stand and deny the officers' charge against him. Again, that he should be convicted because of the general effect it would have on the bootleggers and other violators of the law. We have had occasion heretofore to criticise the conduct of trials had in the manner this trial was permitted, and don't want to again be called upon to review such a record. People that are to be tried for crime are entitled to be tried fairly and impartially. The law-abiding public stand by and uphold their officers in a vigorous and faithful effort to enforce the law, but no fair minded man can approve such conduct as this record discloses, and it will not be tolerated by this court. To permit such trials to be had and judgments to be affirmed would be no better than turning them over to a mob of their enemies to be punished at their whims. The responsibility is on the trial court and the county attorney solely, and it is their duty to conduct these trials as the law requires; in a fair and impartial manner. The county attorney can conduct a vigorous and faithful prosecution and that within the limits of the law. When he does not do that it is the duty of the trial court to make him do it, and when the trial court disregards his duty then it is the duty of this court to require him to perform it. We shall not shirk our responsibility. The assistant attorney general confesses error and advises the court that in his opinion the judgment should be reversed, and with the conditions disclosed by the record we could not do otherwise than reverse the judgment and remand the cause back to the trial court with instructions to grant a new trial according to law. Reversed and remanded. DOYLE and FURMAN, JJ., concur.